THE CHICAGO & TOMAH RAILROAD COMPANY ET AL.

v.

MARY ANN SIMMONS.

1. MASTER AND SERVANT.—A person who voluntarily exposes himself to a danger that he knows or by reasonable attention might know, assumes all the risks incident thereto, and can not recover for an injury resulting therefrom, even against one whose negligence caused it.

2. FELLOW SERVANT.—The foreman of a company of men employed by a railway company is a fellow servant with those under him, and for an injury to one of them caused by his negligence the company is not liable.

APPEAL from the Circuit Court of Jo Daviess county, the Hon. JOHN V. EUSTACE, Judge, presiding.    Opinion filed August 8, 1882.

Mr. B. C. COOK, for appellants; that if a servant knowing the hazards of his employment is injured while engaged therein he can not recover against the master on the ground that there was a safer mode of conducting the business, the adoption of which would have prevented the injury, cited Naylor v. C. & N. W. Ry. Co. 2 N. W. Reporter, 24; Sullivan v. India Mfg. Co. 113 Mass. 396; Strolendorf v. Rosenthal, 30 Wis. 674.

A person who voluntarily assumes the risks of an employment can not recover for injuries occasioned thereby: Morey v. Lower Vein Coal Co. 55 Iowa, 671; Way v. Ill. Cent. R. R. Co. 40 Iowa, 341; Muldowney v. Ill. Cent. R. R. Co. 39 Iowa, 615; Kroy v. C. R. I. & P. R. R. Co. 32 Iowa, 357; Greenleaf v. Ill. Cent. R. R. Co. 29 Iowa, 14; Penn. Co. v. Lynch, 90 Ill. 334; Assof v. Yates, 2 H. & N. 768; Gibson v. Erie Ry. Co. 63 N. Y. 453; Lanning v. N. Y. C. R. R. Co. 49 N. Y. 453; Camp Point Mfg. Co. v. Ballou, 71 Ill. 418; Mad River R. R. Co. v. Barber, 5 Ohio St. 541; Hayden v. Smithville Mfg. Co. 29 Conn. 549; Buzzell v. Laconia Mfg. Co. 48 Me. 113; Wright v. N. Y. C. R. R. Co. 25 N. Y. 562; Priestly v. Fowler, 3 M. & W. 1; Clark v. C. B. & Q. R. R. Co. 92 Ill. 43; St. L. & S. E. R. R. Co. v Britz, 72 Ill. 261;

Moss v. Johnson, 22 Ill. 633; M. C. R. R. Co. v. Austin, 40 Mich. 247; C. & N. W. Ry. Co. v. Scheuring, 4 Bradwell, 541; Hughes v. W. & St. P. R. R. Co. 6 N. W. Reporter, 553.

A servant can not recover for the negligence of a fellow servant when they are engaged in a common employment: Farwell v. R. R. Co. 4 Met. 49; Cooley on Torts, 541; Hosmer v. Ill. Cent. R. R. Co. 550; Ill. Cent. R. R. Co. v. Case, 21 Ill. 23; C. & A. R. R. Co. v. Keefe, 47 Ill. 108; C. & A. R. R. Co. v. Murphy, 53 Ill. 336; Garland v. R. R. Co. 67 Ill. 495; T. W. & W. R. R. Co. v. Durkin, 76 Ill. 395; C. & A. R. R. Co. v. Rush, 84 Ill. 570; C. & N. W. Ry. Co. v. Moranda, 93 Ill. 303.

A foreman in charge of workmen in the employ of a common master is a fellow servant with such workmen: C. & N. W. Ry. Co. v. Moranda, 93 Ill. 302; M. C. R. R. Co. v. Leahey, 10 Mich. 199; Davis v. Ry. Co. 20 Mich. 105; R. R. Co. v. Dolan, 32 Mich. 510; R. R. Co. v. Gildersleeve, 33 Mich. 133; Bottsford v. R. R. Co. 33 Mich. 256; R. R. Co. v. Bayfield, 37 Mich. 205; R. R. Co. v. Smithson, 45 Mich. 199; Day v. R. R. Co. 42 Mich. 523; Quarry Co. v. Kelts, 42 Mich. 34; Blake v. Me. Cent. R. R. Co. 70 Me. 60; C. & A. R. R. Co. v. Keefe, 47 Ill. 108; Ill. Cent. R. R. Co. v. Cox, 21 Ill. 23; C. & N. W. Ry. Co. v. Scheuring, 4 Bradwell, 541; Marshall v. Schricker, 63 Mo. 308; Danbert v. Pickle, 40 Mo. App. 590; C. C. & I. Co. v. Scalley, 27 Mo. 589; O'Conner v. Roberts, 120 Mass. 227; Albro v. Canal Co. 6 Cush. 75; Summersell v. Fish, 117 Mass. 312; Ziegler v. Day, 123 Mass. 152; McLeon v. Blue Pt. M. Co. 51 Cal. 225; Wager v. Penn. Co. 55 Pa. St. 460; Halverson v. Nisen, 3 Sawyer, 562; Malone v. Hathaway, 64 N. Y. 5; Bonn v. Maxwell, 6 Hill, 592; Sherman v. R. R. Co. 17 N. Y. 153; Hoffnagh v. N. Y. R. Co. 55 N. Y. 68; Murphy v. Smith, 19 C. B. 361; Howell v. Steel Co. 10 C. B. 62; Gallagher v. Piper, 16 C. B. 661; Lehigh V. C. Co. v. Jones, 5 Norris, 433.

Messrs. LUKE & JONES, and Mr. M. Y. JOHNSON, for appellee; that the master is liable if he knew or might have known that the manner of doing the work was unsafe, cited,

Gibson v. P. R. R. Co. 46 Mo. 163; 2 Thompson on Negligence, 944; Greenleaf v. C. I. R. R. Co. 29 Iowa, 24; C. C. R. R. v. Taylor, 69 Ill. 461.

The foreman was not a fellow servant with the deceased: Collins v. N. & L. R. R. Co. 2 Duvall, 114; Mullen v. Pac. S. S. Mail Co. 78 Pa. St. 25.

PLEASANTS, J.  This was an action on the case, commenced by appellee January 21, 1881, to recover damages for the death of her intestate, alleged to have been caused through the negligence of the C. & T. R. R. Co., which company was afterward consolidated with the M. & M. R. R. Co., the resulting corporation taking the name of the latter.

Upon the trial a verdict was rendered in favor of the plaintiff for $4,000, and the circuit court having refused to set it aside and entered judgment thereon, the defendants took this appeal.

The deceased, a son of the appellee, was one of a gang of laborers, under a foreman in the employ of said company, and engaged in removing a hill in Galena, to make place for a warehouse and side track thereto.  The height of this hill was about twenty feet, and its face, east and west, on which the men were working, about one hundred and twenty-five. They had been so engaged between two and three weeks, and the method pursued from the first was to excavate the lower part, on a slope to the level sought, from a line not more than four feet above it, and then wedge off the upper thus left unsupported.  In that manner they took out, before wedging, from eighteen inches to the extreme of about four feet, which had been reached, perhaps for the first time, and only at the west end, where the deceased was at work when the earth above fell upon and killed him.

The first count of the declaration alleges that he "was at work at the place and in the manner he was then and there directed to work by said defendant, and in the exercise of due care on his part," and that the negligence of the defendant consisted in not exercising "all due care and diligence to see that the work was done and that it was ordered and directed to be done in a prudent, careful and workmanlike manner,

and so as not to endanger the lives of its employes engaged therein."

It may be that common prudence dictated a different and safer method of operation than the one pursued. Nevertheless it was the right of the company to do its own business in ·the way it preferred, though not the safest—since it was not unlawful and did not interfere with any rights of ·others —as it was of the deceased, in view of the danger, to avoid exposure by quitting the employment when he saw fit. The evidence shows that this danger in general, as naturally incident to that method, and its imminence at any particular time and place along the line—varying according to the depth of the excavation and weight of matter immediately above it—were alike apparent to all who observed the situation. The attention of the men was expressly called to it by the superintendent and by the foreman. It was a subject of common remark among them.

The deceased himself spoke of it on different occasions to several of his co-laborers, and was neither deceived or coerced into the job nor into the place he occupied upon it. One witness testified that he heard him ask the foreman if he did not think it dangerous, and that the latter replied he " thought not, for a while yet." But that was an expression of opinion merely, and the event justified it,. for although it does not appear how much farther the excavation was carried, the deceased wrought on, and two hours elapsed before the disaster occurred. This circumstance, then, affords no proof that he was deceived, intentionally or actually, but does show that he was noticing the indications with direct reference to the very danger that overtook him, and regarded them even then as questionable.

An hour later the same foreman advised the men engaged at the west end of the line to move to places east, and some complied. There is ground to suppose that the deceased may not have heard it, but not through fault of the foreman. He had expressed a preference for that position because it was more sheltered from the wind and he was suffering from neuralgia of the head.

Whatever the cause, he remained where he was and there soon after met his unhappy fate.

We understand that a party who voluntarily exposes himself to a danger that he knows, or by reasonable attention to the means might know, assumes all the risks and is absolutely barred a recovery for any injury resulting from it, even as against one whose negligence created it. He is deemed to have consented to that negligence and therefore, can not be heard to complain of it.

Such voluntary exposure is necessarily incompatible with the exercise of ordinary care for his own safety, which is essential to a cause of action.

The research of counsel has furnished us with decisions of high authority to that effect, in cases closely analogous to this. Notably, Taylor v. C. & N. W. Railway Co. (Wisc.), N. W. Rep'r Vol. 2, p. 24; Strohlendorf v. Rosenthal, 30 Wisc. 674; Norey v. The Lower Vein Coal Co. 55 Iowa, 671; Hughes v. W. & St. P. R. R. Co. (Minn.), 6 N. W. Rep'r, 552; see also Sullivan v. The India Manuf'g Co., 113 Mass. 396; Ladd v. The New Bedford R. R. Co. 119 Id. 413. The more familiar cases in our own State which declare the same rule, are Clark v. C. B. & Q. R. R. Co. 92 Ill. 43; The Penn'a Co. v. Lynch, 90 Id. 334; C. & A. R. R. Co. v. Munroe, 85 Id. 25; T. W. & W. Railway Co. v. Asbury, 84 Id. 429; Same v. Moore, 77 Id. 217; I. B. & W. R. R. Co. v. Flanigan, Ibid, 305; N. L. & S. E. Railway Co. v. Britz, 72 Id. 256; Cane P't M'f'g Co. v. Ballou, 71 Id. 418; Moss v. Johnson, 23 Id. 633.

This court also has followed it: Morris v. Gleason, 1 Bradwell, 510. Same case in 4 Id. 395; C. R. I. & P. R. R. Co. v. Clark, decided at this term. [*Ante* 104.]

The decisions in C. & N. W. Railway Co. v. Taylor, 69 Ill. 461, and those therein referred to with others cited here in the same connection, are not pertinent. They declare the duty of the employer to use due care to provide competent co-employes and suitable structures, machinery and appliances, and to make and enforce proper rules for their operation, with reference to the safety of the employe using ordinary care on his part, but do not relate to the question

here considered—the effect upon the latter's rights of his voluntary exposure to known danger, arising from a neglect or violation of such duty.

Conceding for present purposes that there was wrongful carelessness in the manner of doing this work, and that the danger arose and injury resulted therefrom, the proof here fully made that deceased knew the danger and freely encountered it, forbids a recovery. The verdict being against the law on that subject, ought to have been set aside. We think also that some of the instructions given on behalf of the plaintiff were wrong in either ignoring this branch of the defense entirely, or in requiring proof of actual knowledge on the part of deceased in order to establish it, or in assuming that he might have exercised due care notwithstanding his voluntary exposure with knowledge of the danger; and that others asked on behalf of the defendants which stated the law in these points were improperly refused or modified.

Again: It can hardly be contended that officers and agents of a railroad company who are highest in authority should personally " see to " and " direct " the manner of doing all such work as is here in question. These duties, to a greater or less extent, must be intrusted to subordinates of different grades, according to the character of the job: and it comes to this—that the negligence imputed to the company was really that of the foreman in charge when the accident happened.

For injury to the deceased through his negligence the company was not responsible, because they were fellow servants in the same line of employment. C. & N. W. Ry. Co. v. Moranda. 93 Ill. 303; C. & A. R. R. Co. v. Rush, 84 Id. 571; T. W. & W. R. R. Co. v. Durkin, 76 Id. 395; St. L. & S. E. Ry. Co. v. Britz, 72 Id. 256; I. C. R. R. Co. v. Keen, Ibid, 512; C. C. & I. C. R. R. Co. v. Troesch, 68 Id. 550; C. & A. R. R. Co. v. Murphy, 53 Id. 336; Same v. Keefe, 47 Id. 108; Moss v. Johnson, 22 Id. 633; I. C. R. R. Co. v. Cox, 21 Id. 23; Honner v. I. C. R. R. Co. 15 Id. 550. Nor was the foreman his "superior" in such a sense as to take the case out of this rule.

They were engaged in the same branch of service, co-oper-

ating in the same specific work, daily consociated in their labor, and alike subject to higher authority.

Whatever may have been decided in a few instances elsewhere these are the decisive tests here recognized.  C. & N. W. Ry. Co. v. Moranda, 93 Ill. 303; C. & A. R. R. Co. v. Keefe, I. C. R. R. Co. v. Cox, *supra*, and N. W. Ry. Co. v. Scheuring, 4 Bradwell, 539; Cooley on Torts, p. 543.

The second count is like the first, with the additional averment of negligence on the part of the company in employing to oversee the doing of the work and putting in charge of it and over the deceased therein, an unskillful, incompetent and reckless superintendent.

It does not, however, aver that it failed to use reasonable care in his employment to get a competent and careful man, nor was any proof of his incompetence, unskillfulness or recklessness attempted to be made except as an inference from the manner of doing this work and the occurrence of the accident as above stated.  On the contrary, his apparent fitness, reasonably justifying his appointment, was positively shown by the length and character of his service in this line of work upon other railroads; so that the verdict can not be sustained under this count.

It appears also, that the declaration makes the constituent corporation known as the Milwaukee and Madison R. R. Co. a party defendant—perhaps through inadvertence—but there can be no pretence of negligence in fact or liability, under this consolidation act, of that company.  This, of course, should be amended.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.