## St. Louis Bolt and Iron Co.

### v.

### John Brennan.

NEGLIGENCE.—Where employes are free to adopt their own method of doing the work, and the work can easily be done without injury to life and limb, but they voluntarily choose a perilous method because it is more convenient, they can not in case of an injury recover from their employer.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 24, 1886.

The appellee, with six other men, all in the employ of appellant, were sent by the foreman of the work to load a car standing upon the side track, with iron bars and plates. Two men were required upon the car to take the plates from the other workmen upon the ground, who handed them up, and properly place them for transportation. The appellee, and Peter Mulligan, another of the employes, got upon the car for this purpose, and they piled the bars upon the opposite side of the car from where they received them to such an extent as to upset the car, and the plaintiff received thereby quite serious injuries, for which he brought this suit, alleging the negligence of the appellant through its superintendent in directing the loading of the car so as to cause it to overturn. He recovered in the court below, and the defendant appealed.

Mr. MARSHALL W. WEIR, for appellant.

Mr. L. H. Hite, for appellee.

Pillsbury, J. The proof shows that the foreman directed the seven men to load the flat car with angle plates and put on a good load, some of the witnesses saying sixty thousand pounds. After giving this general direction he left the men and went to attend to some other duties. Brennan and Mulligan took their places upon the car to pile the plates because they thought it easier than to hand them up from the ground. There were no specific directions given by the foreman as to the manner they should pile the bars in order to get on the load required. Brennan and Mulligan used their own discretion in piling the plates first handed up to them, and commenced to place them on the back side of the car, and continued piling them up until the weight upon that side overturned the car. Three of the men upon the ground testified that they warned them that they were piling too much upon that side, but they deny hearing it. The evidence also shows that the appellee had been accustomed to loading cars with these plates before the time of the injury. We are unable to see from the evidence in this case that the appellee has established any right of recovery. He voluntarily assumed the position he occupied upon the car, and piled the plates himself in such a manner as to overturn the car. He is presumed to be a man of ordinary intelligence, and to know, as well as any one, how much weight it would be safe to put upon one side of the car before loading any upon the other side to preserve the equilibrium of the car. The danger of loading the car as he was doing it was as apparent to him as to any one, and being under no obligations so to load it and not having been specially directed so to do it, he must be held to have voluntarily assumed the risk of his own act and must bear its consequences. Indeed he does not deny that he and Mulligan could have piled the plates over the entire floor of the car as well as to one side, his only excuse for not so doing being that it would be more inconvenient for the men upon the ground to hand the plates up. This excuse, however, is not sufficient to justify them in disregarding all care for their own safety. It seems to us, from all the

evidence, that the injury to him is the result of his own want of ordinary care rather than from any negligence of the appellant. The appellant only directed them to perform the labor they were accustomed to do, and which confessedly could have been done without incurring any danger to life or limb, it not being of itself a dangerous undertaking, and the injury resulting from the manner they did the work, and not from any peril or danger inseparably connected with it, and they being free to adopt their own method of doing the work, and voluntarily choosing the perilous one, can not hold the appellant for the consequences.

Judgment reversed.