## Star Elevator Co. v. Albert Carlson.

1. MASTER AND SERVANT—*Voluntary Choice of Dangerous Mode of
Doing Work.*—When a servant voluntarily chooses a dangerous mode
of performing his work, when a safe mode is open to him, and is injured
thereby, he can not recover.

2. SAME—*Limitations on the Duty of Master to Keep Machinery in
Repair.*—When a master has furnished machinery that is suitable for the
business, both as to material and construction, to a servant experienced
in the use of the machinery, he has performed his duty, and before he
can be made liable for injuries received by the servant, notice must
be brought home to him that it is out of repair.

**Trespass on the Case,** for personal injuries. Error to the City Court
of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in
this court at the August term, 1896. Reversed and remanded. Opinion
filed March 3, 1897.

ENLOE & NEUSTADT, attorneys for plaintiff in error.

COCKRELL & COOK, attorneys for defendant in error.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION
OF THE COURT.

This suit was brought by defendant in error to recover
damages for a personal injury, alleged to be caused by the

negligence of plaintiff in error in two particulars: 1. That a sprocket wheel was allowed to become loose and out of repair, so that it slipped on the conveyer shaft. 2. That the building was so improperly constructed, without sufficient windows in the basement, where said sprocket wheel and grain conveyers were situated, that sufficient light was not afforded to enable the one operating the machinery to handle it with safety. The defendant in error recovered a judgment, from which this writ of error is prosecuted.

The evidence shows the defendant in error was an experienced man in handling such machinery, and had had charge of the operation of this elevator for about two years prior to the time of his last employment, which was three weeks before the accident.

On the day of the accident he was directed to start the machinery for the purpose of elevating grain into the bins, and did so. In a short time he discovered that the grain conveyer, situated in the basement, was not turning, and he went there to see what was the trouble. He put his hand on, or into, the conveyer in such a manner, and, as it happened, just at the time when the conveyer made a partial revolution, so that the third finger of his right hand was caught by the flange on the conveyer and crushed so that it had to be amputated.

The evidence shows the machinery was in a reasonably safe condition, but that dust and chaff had settled and accumulated in the conveyer so as to choke it. When that was removed, the machinery operated properly. The evidence also shows that the sprocket wheel was not loose and did not slip on the shaft, but that the bevel cog wheel on the center shaft, working on the bevel cog wheel of the main shaft, was slipping cogs, caused by the choking of the conveyer on main shaft. It is evident that the main conveyer would not have made a partial revolution if the sprocket wheel or bevel cog wheels had been loose and slipping on their shafts. The evidence that an examination showed they were tight is not disputed. Therefore, clearly, the only trouble was the accumulation of dirt in the con-

veyer, which was not a defect in the machinery, but rather a neglect in its care. The machinery was in the care of defendant in error to see that it was properly oiled, cleaned and, in such respects, in proper condition for operation.

The evidence does not show improper construction of the basement with reference to the light, considering its situation. Besides, the defendant in error knew a lantern was kept at the elevator for the purpose of use in the basement. " Q. Did you ever use it in the basement? A. Yes, sir. Q. They had a lantern there to use, didn't they; they had a lantern there for you to use? A. Yes; sir; * * * I never took it down; it was against the rules of the insurance company." There is no evidence any one prohibited him from using it in the basement, but there is evidence to show it was so used. There were two windows in the basement which afforded some light. It is well known that basements are not, and very often can not be, as well lighted as upper rooms in a building. Plaintiff in error was well acquainted with the situation, and if he did not want to take a lantern he could readily have stopped the machinery, which was in his exclusive charge. With the power on, he should not have put his hand on, or in, or about the conveyer, so that it could be caught. No one knew so well as he that the conveyer was liable to revolve. He evidently was working to get the dirt and dust out while the power was on. " Q. Do you know what condition the grain conveyer was in— what did you find there? A. I found a whole lot of dust and dirt. Q. That was in the box where this auger (conveyer) worked? A. Yes, sir." Necessarily, he must have placed his hand so that a flange of the conveyer caught his finger. It is idle to say he did not, for, concededly, the flange struck it. He did this when he knew, being in entire charge of the machinery, having just started it, that the power was on and the conveyer was liable to move, which it did, and injured him. By stopping the machinery, he could have investigated the difficulty and removed the accumulated dirt with perfect safety. Where a servant chooses, voluntarily, a dangerous mode of performing the

work, when a sure mode is open to him, and is injured thereby, the law is well settled that he can not recover. C. & T. R. R. Co. v. Simmons, 11 Ill. App. 147–151; and see large number of cases there cited.   St. L. Bolt & Iron Co. v. Brennan, 20 Ill. App. 555.

The servant must exercise judgment and care in such matters.   Whittaker v. Coombs, 14 Ill. App. 498; Penn Co. v. Lynch, 90 Ill. 333.   As to one experienced in the use of machinery, when the master has furnished machinery that is suitable for the business, both as to materials and construction, he has performed his duty, and before he can be made liable, notice must be brought home to him that it is out of repair.   Richardson v. Cooper, 88 Ill. 270; C. & A. R. R. Co. v. Bragonier, 119 Ill. 51.

From no point of view does this record disclose a liability, and therefore the judgment is reversed without remanding.