BRINK'S CHICAGO CITY EXPRESS COMPANY

*v.*

FRANK T. KINNARE, Admr.

*Opinion filed November 8, 1897.*

168   643
86a  420
168   643
89a   461
168   643
105a  4598

1. INSTRUCTIONS—*instructions must be based upon the evidence.*  Instructions applicable to a state of facts which there is no evidence tending to prove may be refused.

2. SPECIAL INTERROGATORIES—*special interrogatories should call for the finding of ultimate facts.*  A special interrogatory is properly refused which, had it been submitted and answered favorably by the jury, could not have affected the general verdict.

3. EVIDENCE—*injury from careless driving of horses—when ordinance regulating speed is admissible.*  A city ordinance regulating the driving of horses on public streets is properly admitted in an action for damages for injuries received from careless driving, where, by instruction, the jury are left to determine whether the defendant violated the ordinance, and if so, whether its violation caused or contributed to the injury.

4. SAME—*witnesses' opinions incompetent on matters not the subject of expert testimony.*  Whether the driver of a wagon could have stopped his horse in time to avoid running over a person had he seen him, is a question for the jury, and not one upon which witnesses may give their opinions.

*Brink's Chicago City Ex. Co. v. Kinnare,* 67 Ill. App. 498, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

NEWELL & HELDMAN, for appellant.

MOSES, ROSENTHAL & KENNEDY, and PAM & DONNELLY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case by appellee, against appellant, to recover damages for negligently causing the death of plaintiff's intestate.  The judgment in the trial

court was for plaintiff for the sum of $3000 and costs of suit, which has been affirmed by the Appellate Court.

The deceased was a boy about four years of age.  At the time of the accident he was struck by a horse and wagon of appellant, driven by one of its employees, in the city of Chicago, near the north-east corner of Madison and Canal streets.  The evidence was conflicting as to the alleged negligence of the driver of the team, but the jury found that issue, as well as all other controverted questions of fact, in favor of the plaintiff below.

The plaintiff, upon the trial, offered in evidence a city ordinance regulating the speed at which vehicles might be driven on the streets, which was admitted over the objection of the defendant.  This ruling is assigned for error.  There was evidence tending to show that appellant's horse was being driven, at the time of the accident, at a higher rate of speed than allowed by this ordinance. The jury were instructed, at the request of the defendant, that "in this case the violation of an ordinance alone, with respect to driving in the street, if proven or not, would not entitle the plaintiff to recover.  The ordinances in question are general regulations passed for the benefit of the public, and which the city can enforce by fine and penalty, but their violation, in case of injury, does not furnish an individual with a cause of action or vary the established law of the land with respect to ordinary care." The introduction of the ordinance, thus limited by the instruction, was competent.  The question of fact, under this instruction, was left to the jury whether defendant violated the ordinance, and if it did, whether that violation contributed to or caused the injury to the deceased. There was no error in the admission of the ordinance.

Appellant requested an instruction to the effect that if the horse in question was vicious and unmanageable, and for that reason contributed to the cause of the accident, still, unless appellant failed to use ordinary care in the selection of the same, or subsequently received notice of

these qualities in a reasonable time to have withdrawn it from service, appellee could not recover. There was no evidence tending to show that the horse was vicious or unmanageable. On the contrary, all the allusion made to the disposition of the horse was, that it was not. The appellant could not have been prejudiced by the refusal of the instruction, even if it had announced a correct rule of law, which it did not.

A similar instruction was asked as to the defendant's liability for inexperience or incompetency of the driver, which for the same reason was properly refused. There was no evidence upon which to base it.

We think there was no error in the refusal of the court to give certain instructions asked for appellant relative to negligence of the father, as that point was sufficiently covered by others given.

Defendant asked that the following questions be submitted to the jury for special findings: "Do you find that the father of Samuel Baspaltz knew the condition of said street at said point with respect to teams, vehicles and street car traffic?" This was refused. "What rate of speed do you find the driver was going at the time of the accident?" The latter question was submitted in the following words: "What rate of speed does the evidence show the horse was going at the time of the accident?" The first was properly refused. Had it been submitted and the finding been favorable to appellant such finding could not have affected the general verdict. (See *Chicago and Northwestern Railway Co.* v. *Dunleavy*, 129 Ill. 132.) It did not call for the finding of an ultimate fact.

The court sustained an objection to the following question asked by appellant of a witness called in its behalf: "If the driver had seen the little boy there, do you think he could have stopped in time to avoid the accident?" The question was clearly improper, as calling for the mere opinion of the witness upon a matter not the subject of expert testimony. Moreover, the witness was not shown

to have had any peculiar or superior skill for the determination of the question asked him. It was for the jury to find the fact from all the evidence, and not for the witness to say what he thought about it.

We find no errors of law in this record, and the judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*