## Illinois Steel Company v. Felix McNulty.

1. WITNESSES—*Should be Permitted to Testify to the Facts Only.*— Witnesses should be permitted to testify to the facts only, and not to any conclusion that they may deduce from these facts, except in the case of experts, where the jury can not be presumed to have the same opportunity to form a correct conclusion as the expert witness.

Illinois Steel Co. v. McNulty.

2. NEGLIGENCE—*Servant Assuming Obvious Dangers.*—Where a servant places himself in an obviously dangerous position, or in a position which in the exercise of reasonable care for his own safety would have been obviously and plainly dangerous to him, then it is negligence on his part to have placed himself there.

3. INSTRUCTIONS—*Plaintiff Adopting an Extra Hazardous Method.*—An instruction that if the plaintiff took hold of a rail, the place of danger, instead of taking hold of some other object, if he could have done so with safety to himself, then voluntarily selecting a way known by him to be dangerous is negligence on his part, is proper. A party has no right knowingly to put himself in a place of danger which he could have avoided, and in such case, although he exercised every conceivable care in so doing, his injury would result from his voluntary act.

4. MASTER AND SERVANT—*Servant Wantonly Selecting the More Hazardous of Two Methods.*—Where an employe has the power to adopt his own methods of doing work, and he, wantonly, knowing and appreciating the dangers of both, selects of the two ways the more dangerous, he does so at his peril and can not recover for any injury resulting from such relation.

5. PLEADING—*It is Not Necessary to Charge in Specific Terms a Duty.*—Under the rules of pleading it is not necessary to charge in specific terms a duty, but if facts are averred out of which the duty springs, the declaration is sufficient. An averment that certain conduct is the duty of defendant is of no avail where facts are not stated from which the law will create the duty.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed January 30, 1903.

**Statement.**—The declaration avers that on the fifteenth day of May, A. D. 1899, Felix McNulty was in the employment of the defendant, Illinois Steel Company; that he was directed by the defendant to work at the painting of certain pipes and structures in its factory, which said pipes and structures were in close proximity to certain railroad rails situated at a high distance from the ground; that a crane operated by steam power at times was run along and upon said railroad rails; that the crane was not running upon said rails at the time the plaintiff was ordered to work in proximity to them, nor had it been running upon them that day for some hours prior to the accident; but while the plaintiff was then and there rightfully and with due care for his own safety working under the said orders of

the defendant at the painting of said iron pipes, said defendant, without any notice or warning to plaintiff of their intention to start up or run the said crane upon the said railroad rails situated in close proximity to the plaintiff as aforesaid (and of the starting up or running of said crane the plaintiff was wholly unaware), the defendant then and there suddenly and with great force negligently started up and propelled the said crane without giving to the plaintiff any reasonable warning of the starting up or the approach thereof toward the plaintiff, and thereby the crane was then and there violently propelled against, over upon the body and arm of the plaintiff, and thereby certain fingers of plaintiff's hand were run over and crushed and mangled and the hand and arm of the plaintiff were thereby destroyed and as a consequence thereof amputated, and divers other injuries were inflicted, to the damage of the plaintiff of $20,000.

Plea of general issue was filed, and a trial had, resulting in a verdict in the sum of $10,000.

The mill where plaintiff was hurt was about eighty-five feet in width and extended north and south over 300 feet. Along the west wall and elevated some sixteen or eighteen feet from the ground was an iron girder supported on posts. On top of this girder was an ordinary "T" rail. On the east side of the mill was a girder supporting a railroad rail in the same form. The crane was of a girder construction and extended across the mill from one side to the other and rested upon wheels which ran along the railroad tracks and moved north and south. There is a large steam pipe eighteen inches in diameter running along the west track about three feet from and a little below and east of the girder. There are three other pipes alongside of these girders, four, five, and one inch in diameter. The four-inch pipe is eight inches below the top of the girder and the five-inch pipe is about eighteen inches below the top of the girder.

KEMPER K. KNAPP, attorney for appellant.

THEODORE G. CASE and JOHN T. MURRAY, attorneys for appellee; A. W. BROWNE, of counsel.

Illinois Steel Co. v. McNulty.

MR. JUSTICE BURKE delivered the opinion of the court.

Felix McNulty, appellee, recovered in the Superior Court for the loss of his left hand the sum of $10,000. The day before the accident in question occurred, the foreman of the mill ordered McNulty to paint the said two water-pipes, four and five inches in diameter, but gave him no specific directions with reference thereto. He began to paint the pipe at ten o'clock in the forenoon of the day before the accident. It appears that he had spent about sixteen weeks on two former occasions in painting the walls of the mill, and the third time, when he was hurt, he had been at work painting about two weeks. The steam-pipe did not extend so far south as did the girder and other water-pipes. He began to paint at the south end and reached the pipes by using a ladder, and so continued until he came to the steam-pipe, when it appears that it was inconvenient to reach the water-pipes from the ladder, and in order to paint them he climbed from his ladder to the steam-pipe, and, resting or lying thereon, he proceeded to paint the water-pipes. While so engaged, and to prevent losing his equilibrium in reaching said pipes, he grasped the iron rail or track, and the crane, moving from the south, ran over and crushed his fingers.

On behalf of McNulty it is claimed that he was ordered to paint these pipes, and that owing to their location it was impossible to carry out the order and paint them without placing his hand on the rail, and that the crane had not moved on the morning of the accident, and that prior to the accident he had received no notice that the crane was to be moved.

On the other hand it is insisted on behalf of the company that McNulty had worked many months in the mill, was familiar with the work of the mill, and especially with the movement of the crane, because he himself had worked with it much of the time while in the " sailor gang," and that he was not directed to place his hand on the rail, but was given the general order only to paint the pipes. McNulty was asked the question why he put his hand on the rail and he

was permitted to answer that he had no other place to put it, to which answer exception was properly preserved. If his answer stated the fact that he was ordered to paint the pipe, the performance of which would of necessity require him to put his hand in the place of danger, on the rail, it must be conceded that was a very material fact, and if the jury accepted his statement it doubtless had great weight in determining their verdict.

We are of the opinion that the court committed error in permitting McNulty to say that there was no other place for his hand. If it was true, it was for the jury to find from proper evidence. Witnesses should be permitted to testify to the facts only, and not to any conclusion that they may deduce from these facts, except in the case of experts, where the jury can not be presumed to have the same opportunity to form a correct conclusion as the expert witness. Brink's City Express Co. v. Kinnare, 168 Ill. 643; Hoehn v. C., P. & St. L. Ry. Co., 152 Ill. 223.

The record does not disclose why McNulty might not have painted the pipes from the north toward the south, and, if necessary to secure himself from falling, he could have grasped the ladder resting against the pipe with his left hand and had his right hand free to use the brush; furthermore, it does not appear from the evidence that, with the weight of his body on the westerly part of the steam-pipe, why he could not have placed his left hand against the girder below the rail. The girder, as to its width and projections, has not been described, but in this entire branch of the case the jury are compelled to accept the conclusion of the witness that he was exercising ordinary care at the time of the accident by resting his hand on the only place where he could rest it. The evidence on this point was material for the plaintiff, because it was necessary for him affirmatively to prove that he was in the exercise of ordinary and reasonable care for his own safety. If the only logical conclusion from the evidence were that there was no other place for his hand except on the rail, then the statement, though improper, could not have been an element in determining the verdict.

It appears that the mill, at all hours of the day, was very noisy, rendering it extremely difficult to carry on conversation within it, and that a code of signals to operate the mill was adopted, consisting of the blowing of whistles. There were eight different steam whistles in the mill. Two toots of one of them started the mill, one stopped it, three called the machinist, four the crane-man, five the master mechanic, and a sharp, prolonged whistle the "sailor gang," and several "toots" were to keep the mill going faster.

McNulty had worked in the mill a long period of time and was familiar with its operation. He knew that the crane moved in response to four whistles. He was given the general order to paint the pipes, but not directed where to begin or how to proceed in the work, but the details were all left to his own judgment. If the danger of placing his hand upon the rail was obvious and well known to him, or if in the exercise of reasonable care for his own safety the danger would have been obvious and plain to him, then it was negligence on his part to have placed his hand upon the rail. Consolidated Coal Co. v. Haenni, 146 Ill. 614; North Chicago St. R. R. Co. v. Conway, 76 Ill. App. 621.

It is contended, however, that the foreman knew that McNulty could not paint the pipes without placing his hand upon the rail or ought to have known it, and inasmuch as he gave the order to go into the known place of danger, it was his duty to have protected McNulty by notifying him of the approach of the crane, and failing so to do he was negligent. Again it may be answered that there is no evidence in the record tending to show that it was necessary that McNulty place his hand upon the rail to do the painting and that the evidence shows that McNulty, for many months, had been perfectly familiar with the method of moving the crane, and that the danger of placing his hand on the rail was as plain and well known to him as to defendant's foreman, and that the record does not show that McNulty notified the foreman or the crane-man how he would proceed with his work, and that there is no evidence that it was known to the foreman or crane-man that McNulty had put his hand in a place of danger.

There is a conflict in the evidence as to whether the signal of four whistles was given for the starting of the crane. McNulty says that no signal was given, and other witnesses that they did not hear it; but the crane-man and the foreman both testified that the signal was given; the foreman that he gave it and the crane-man that he was thereby called to operate the crane.

This branch of the case was strictly for the jury, but in view of an entire absence in the record of any evidence tending to show that McNulty was not negligent in selecting under his general order the particular mode in which the business should be done, we think that the court committed error which must result in a reversal of this case in marking refused the following instruction:

"The jury are instructed that if they believe from the evidence that the plaintiff took hold of the rail upon which the crane ran, and that when he did so he knew that the crane, at irregular intervals, ran along upon this rail, and that he could have taken hold of, or rested his hand on the girder which supported said rail, or on the water-pipes, or other parts of the structure there, instead of taking hold of said rail, and could thereby have supported himself so that he could have done the painting which he was doing, in safety, and that to take hold of said rail was a dangerous way of doing said work, and that to take hold of or rest his hand upon the girder which supported said rail, or the water-pipes or other parts of the structure there, was a safe way of doing said work, and that the plaintiff voluntarily selected a way which he knew was a dangerous way instead of a way which he knew was a safe way of doing said work, then the jury should find the defendant not guilty."

It is true we hold that there is no legal evidence in the record that the rail was the only place for McNulty's hand, but he was allowed to say that the rail was the only safe place; and the jury should have been told, as stated in this instruction, that if the plaintiff took hold of the rail, the place of danger, instead of taking hold of some other object, if he could have done so with safety to himself, then voluntarily selecting a way known by him to be dangerous was negligence on his part.

While this instruction may be subject to some minor

criticisms, still, under the circumstances of this case it should have been given, and then the error above pointed out might not have been so serious.    The party has no right knowingly to put himself in a place of danger which he could have avoided, and in such case, although he exercised every conceivable care in so doing, his injury would result from his voluntary act.    Armour v. Brazeau, 191 Ill. 126; Howe v. Medaris, 183 Ill. 288.

It is a general principle applicable to cases of this kind that where an employe has the power to adopt his own methods of doing work, and he wantonly, knowing and appreciating the dangers of both, selects of the two ways the more dangerous, he does so at his peril, and can not recover for any injury resulting from such relation.    Star Elevator Co. v. Carlson, 69 Ill. App. 212; Wabash R. R. Co. v. Propst, 92 Ill. App. 485.

In view of the error committed in receiving improper evidence and in failing properly to instruct the jury on a decisive point in the case we shall not extend this opinion by comment upon other instructions given and refused.

Appellant urges with much earnestness that the declaration in this case fails to state a cause of action.    The court overruled defendant's motion in arrest of judgment.    Counsel for appellant claims that the declaration does not show that the company owed to McNulty the duty not to move the crane without warning him.    Under the rules of pleading it is not necessary to charge in specific terms a duty, but if facts are averred out of which the duty springs the declaration is sufficient.    An averment that certain conduct is the duty of defendant is of no avail where facts are not stated from which the law will create the duty.    C. & A. R. R. Co. v. Clausen, 173 Ill. 105; Ayers v. City, 111 Ill. 412.

But are not sufficient facts stated in this declaration from which the law will imply the duty on the part of defendant to have warned McNulty of the approach of the crane ?    It is averred in the declaration that McNulty, an employe of the defendant, was ordered to paint certain pipes in close proximity to the rail upon which the crane moved.    The

word proximity means "nearness in place," and so far as appears from the declaration the pipes may have been below or above the track, and so located that it would be impossible for a workman to paint while the crane was in the act of passing; that the crane would strike him and throw him upon the track as it passed the place where he was at work.

As it was the legal duty of the defendant company to furnish a place reasonably safe in which McNulty might execute its said commands, it would follow that sufficient facts are pleaded from which the said duty of the defendant would be implied. If the defendant knew that the plaintiff was in a situation, or liable to be in a situation, in which he would be hurt if the crane was moved without warning, then the defendant owed him the duty to warn him, and if the painting could not be done without a danger unknown to the plaintiff, it certainly was the duty of the defendant to have notified him. It should be conceded that the declaration is unskillfully drawn, and that the immediate facts should have been specifically averred from which the duty to warn would directly arise; but as the defendant did not demur, but submitted the case to a jury, any defect in the statement is waived after verdict. We regard the declaration as defectively stating a good cause of action. Under the rule laid down by the Supreme Court a verdict will aid a defective statement of a cause of action, but will never assist a statement of a defective cause of action. C. & A. R. R. Co. v. Clausen, *supra.*

The majority of this court are of the opinion that the declaration and the issue joined upon it did fairly impose the duty on the plaintiff to prove the facts from which the duty arose to warn the plaintiff of danger. While the averment of the declaration as to the proximity of the pipes, and of the plaintiff to the railroad rail, may be so construed as to be held ambiguous, still the averments of the declaration, with all their legal intendments after verdict, in our opinion, state a good cause of action.

Because of the errors pointed out in this opinion, the judgment must be reversed. The judgment of the Superior Court is reversed and remanded.

Illinois Steel Co. v. McNulty.

MR. JUSTICE FREEMAN : I concur in the result, but do not regard the declaration as stating a cause of action. It sets forth, in substance, that appellee was directed to paint certain pipes and structures which " were in close proximity to certain railroad rails situated at a high distance from the ground." He was injured by putting his hand on one of these rails, and allowing it to remain until the wheels of a traveling crane passed over it. According to the declaration the pipes which he was painting were in close proximity to the rails, but no facts are stated which imply that doing this work necessarily brought appellee himself into any place of danger. It is afterward stated in the declaration, by way of recital, that " at the time the plaintiff was ordered and directed to work in proximity to said rails," the crane was not running on the rails, and had not been for some hours. This language assumes what is not averred at all—that he was ordered to work in proximity to the rails. It is evident that an order to paint pipes in proximity to the rails does not necessarily imply an order to place himself in such proximity. But if we assume that it does, violent though the assumption may be, the fact that a man is in proximity to a danger is entirely consistent with his being in a place of absolute safety, where, if he remained, no harm could come to him, and where his employer and fellow-employes might reasonably expect him to remain. In such case no duty to warn appellee of a perfectly plain danger not far away can be implied. The averment that he was run over upon a railway near by implies that he must have left his place of safety " in proximity " to that railway, and of his own volition, so far as appears, put himself in a place of danger on the railway itself, in a place where he had no business to be. For injuries so incurred no responsibility rested upon the master. The facts stated do not show negligence on the part of the appellant. No duty is averred; and no breach of duty shown. Nothing in the declaration stated avers or implies any failure on the part of the master to exercise reasonable diligence in furnishing appellee a reasonably

safe place where, and reasonably safe appliance with which to do his work. In my opinion the declaration completely fails to state a cause of action, and I may add that the evidence fails, in my judgment, to show a state of facts from which the defects in the declaration could be cured.