## Lexington Ry. Co. v. Lowe.

(Decided April 25, 1911.)

### Appeal from Fayette Circuit Court.

1. Street Railways—Duty of Those in Charge of Car—What Incumbent Upon Passenger in Attempting to Leave Car.—Upon being notified that a passenger desires to leave it, those in charge of a car should stop it and keep it stationary a sufficient length of time for the passenger to leave it in safety, and if they fail to do so, the act is negligent and the company is answerable in damages. On the other hand, it is incumbent upon the passenger, in attempting to leave the car, to exercise ordinary care for his safety, and if he fail to do so, and injury results, there can be no recovery.

2. Plea of Contributory Negligence—Instructions—Under its plea of contributory negligence the street railway company was entitled to have the jury instructed that if the plaintiff was injured while attempting to get off the car before it had stopped, the company was not liable.

STOLL & BUSH and ALLEN & DUNCAN for appellant.

H. E. ROSS and WALLACE MUIR for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Alleging that she was injured through the negligence of the appellant Railway Company, while attempting to alight from one of its cars in Lexington, appellee sued to recover damages for her injury. The specific act of negligence set up in the pleading, and relied upon and supported by appellee's testimony, is, that after the car had come to a stop, in response to her signal to the conductor that she wished to leave it, and while she was in

the act of leaving the car, those in charge of it caused it, suddenly and without notice to her to start forward, causing her to be thrown to the ground and injured. The company denied liability and pleaded contributory negligence. Upon a trial she recovered a judgment for $1,500.

Several grounds were set up and relied upon in the motion for a new trial, which was overruled but upon appeal here only two errors are relied upon for reversal: first, that the court did not properly instruct the jury, and second, that the verdict is not sustained by sufficient evidence, and is contrary to the evidence.

As stated, the negligence relied upon by plaintiff was the sudden starting of the car after it had stopped and before she had time to alight therefrom. She pleaded this act of negligence, and her plea is supported by her testimony. The company pleaded contributory negligence, and the testimony of the witnesses introduced by the company is to the effect that, after the signal was given to stop the car, and while it was in the act of being stopped, but before it had come to a stop, plaintiff attempted to leave the car while yet in motion, and, as she stepped to the ground, fell.

Thus the issue was sharply drawn. It was the duty of those in charge of the car, after they had been notified that plaintiff desired to leave it, to stop the car and have it remain stationary a sufficient length of time for her to leave it in safety, and if they failed to do so, and started the car while she was attempting to leave it and in the act of doing so, and this negligent act on their part caused her to fall, the company is answerable in damages for such injuries as she may have sustained by reason thereof. On the other hand, it was incumbent upon the plaintiff, in attempting to leave the car, to exercise ordinary care for her own safety, and if she failed to do so, and injury resulted thereby, then no recovery should be allowed, for her injury under such circumstances would be directly attributable to her own neglect, and not to any fault of the company. These two phases of the case should have been presented to the jury under appropriate instructions.

Complaint is made of instructions two, three and four, because these instructions, and each of them, are rested upon a state of facts which was not supported by any evidence, to-wit, that if plaintiff attempted to leave the car while it was slowing down and before it had come

to a full stop, and while so moving had suddenly started forward or increased its speed, then the company was liable. Plaintiff's testimony was to the effect that it had come to a full stop before it gave the sudden jerk, as it started forward; while the witness for defendant testified that she attempted to leave it before it came to a full stop. None of them testified to a sudden jerk or forward movement.

The instructions should be based upon such issues in the pleadings as are supported by evidence, and no instruction should be given which is not authorized by the pleadings and supported by some evidence. The instructions given by the court tended to cloud and obscure the issue, and were no doubt confusing and misleading to the jury.

Plaintiff must recover, if at all, upon her theory of the case. In her pleadings she specifies the negligent act which caused her injury, and by her testimony she fully supports this plea. The instruction authorizing a recovery must be predicated upon this particular act of negligence, viz., that after the car had stopped it started forward suddenly and threw her to the ground. This idea was embodied in instruction number one; and this was the only instruction to which she was entitled. It presented fully to the jury her theory of the case. There should be added to instruction number one these words: "and unless you so believe, you should find for the defendant."

Instructions two, three and four were not authorized by either the pleadings or proof, for there was no proof by any witness, for either plaintiff or defendant, that, while the car was slowing down to permit plaintiff to get off it suddenly started forward. Plaintiff testified that it had stopped and then suddenly started forward; and all of the other witnesses testified that it was slowing down when plaintiff stepped off and fell; but not one of them testified that, while so slowing down, it suddenly started forward. Hence, it was error to embrace such an idea in any of the instructions.

Under its plea of contributory negligence defendant was entitled to have the jury instructed that, if plaintiff was injured while attempting to get off of the car before it had stopped to let her off, the company was not liable. For in a case like this, liability can attach in no event unless there is negligence, and in reducing the speed of the

car, preparatory to stopping, the company was guilty of no negligence.

The instructions defining negligence and the measure of damages are not objectionable.

Upon another trial instructions two, three and four will be omitted.

For the reasons indicated the judgment is reversed and the cause remanded for a new trial and further proceedings consistent herewith.