## Central Kentucky Traction Co. v. Combs.

(Decided May 9, 1911.)

## Appeal from  Franklin Circuit Court.

1. Instructions—Should submit to the jury the issues made by the pleadings, and no other. Where the petition against a street railway company sought a recovery in damages for the negligent starting of a car after it had stopped to allow the plaintiff to alight and before she had time to do so, it was error to instruct the jury in effect that the plaintiff might recover if she attempted to alight from the car before it stopped and while it was running at a slow rate of speed.

2. Instructions—Waiver of Error—A party cannot complain that the court erred in giving an instruction if he offered one similar to the one given.

HAZELRIGG & HAZELRIGG, for appellant.

GREENE & VAN WINKLE, C. B. SCHOOLFIELD and LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee brought this suit against the appellant to recover damages on account of personal injuries received by being thrown from a street car to the ground through the negligence of the agents of the company in charge of the car in suddenly starting it after it had stopped for the purpose of allowing her to and while she was in the act of alighting from it.

The averments of the petition are that she boarded one of the appellant's cars for the purpose of riding to a point near the Louisville & Nashville railroad station in the city of Frankfort, and

"That upon arriving at said station and after said car was stopped at said point, plaintiff undertook and attempted to leave said car, and while in the act of getting off of said car and stepping from said car to the ground, the defendant, its servants and agents, negligently and carelessly caused and permitted said car to start or jerk suddenly and violently forward, and thereby she was thrown with great force and violence from said car to the street."

The answer was a traverse and plea of contributory negligence.

The evidence on behalf of appellee sustained the charge of negligence contained in the petition; while the testimony for appellant showed that appellee attempted to alight from the car before it had stopped for the purpose of allowing her to get off, and that her injuries re-sulted from her own negligence and not that of the persons in charge of the car.

With the pleadings and evidence in the condition stated, it is manifest that appellee was only entitled to recover in the event the jury believed from the evidence that after the car had stopped for the purpose of allowing her to alight, it was suddenly started while she was in the act of getting off and before she had reasonable time and opportunity to do so. And it is equally clear that no other issue in her behalf should have been submitted to the jury. Lexington Railway Co. v. Lowe, 143 Ky., 339. But the court after properly instructing the jury that—

"If they believed from the evidence that on the occasion in question the plaintiff, while a passenger on defendant's car undertook to alight from said car after same had stopped, if same was stopped, * * * and that the employes of defendant company in charge of said car knew or by the exercise of ordinary care should have known that the plaintiff was to leave said car, and if the jury further believe from the evidence that while plaintiff was in the act of alighting from said car, and before she had entirely alighted therefrom, and without notice to the plaintiff, and through the negligence of the defendant company's employes in charge of same, said car was caused to suddenly start forward, and the plaintiff was thereby thrown or caused to fall from said car to the ground, the jury will find for the plaintiff."

Told them in instruction number two that—

"If they believed from the evidence that on the occasion in question the plaintiff attempted to alight from defendant's car while same was in motion and running at such a rate of speed that a reasonably prudent person in the exercise of ordinary care for his own safety ought not to have so attempted, and that in so attempting to alight the plaintiff was caused to fall or be thrown to the ground and thereby injured, the jury will find for the defendant."

Under the averments of the petition and the evidence for appellee in support of it, she was not entitled to re-

cover at all unless the car had stopped for the purpose of permitting her to alight and while she was in the act of getting off and before she had reasonable time and opportunity to do so it was suddenly started. There was neither pleading nor evidence in her behalf to authorize an instruction that she might recover if she attempted to alight from the car before it had come to a stop. In cases like this the instructions should submit to the jury the issues made by the pleadings, and no other. So that, under the pleadings and evidence, if, as appellee claimed, the car had stopped for the purpose of allowing appellee to alight, and while she was in the act of alighting and before she had reasonable time and opportunity to do so, it was suddenly and violently started, and she was thrown to the ground and injured, she was entitled to recover. On the other hand, if she attempted to alight from the car before it had stopped, no matter at what rate of speed it was running, she was not entitled to recover. But if it was prejudicial error to give instruction number two, appellant is not in a position to complain of it, as counsel for appellant requested the court to give an instruction in all respects similar to instruction number two. And it has often been held by this court that an appellant can not complain of an instruction given on the trial if it is substantially the same as one asked by himself. Toner v. South Covington & Cin. St Ry. Co., 109 Ky., 41; Union Central Life Insurance Co. v. Hughes, 110 Ky., 26; Stowers v. Singer, 113 Ky., 584.

The judgment is affirmed.