## Pack v. Camden Interstate Railway Company.

(Decided June 20, 1913.)

### Appeal from Boyd Circuit Court.

1. Street Railroads—Personal Injury—Instructions.—It is error to give an instruction so general and abstract in form as to make the jury the judges of both the law and facts.
2. Trial—Setting Aside Verdict—New Trial—Discretion of Judge.— A judgment setting aside a verdict and awarding a new trial will not be reversed unless it appears that there was an abuse of discretion on the part of the trial court.

C. B. WHEELER for appellant.

HAGER & STEWART for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On November 23, 1906, plaintiff, H. J. Pack, was injured while attempting to alight from a street car owned and operated by defendant, the Camden Interstate Railway Company, and brought this action against the defendant to recover damages. Two trials were had. On the first trial the jury returned a verdict in favor of plaintiff in the sum of $350. A new trial was granted, and on the second trial the jury found for the defendant. From the judgment predicated on the verdict plaintiff appeals, and brings up the record of the first trial for the purpose of having reviewed the action of the trial court in awarding a new trial.

Plaintiff was a passenger, and while attempting to alight from the car on which he was riding at 21st Street in Ashland, Kentucky, fell and was injured. He bases his right to recover on the fact that the car stopped at 21st Street, and while he was in the act of getting off, the defendant negligently started the car without giving him a reasonable opportunity to get off. The allegations of the petition were denied by answer, and the answer further alleged that while the car was in motion, and before it was stopped or could have been stopped at 21st Street, plaintiff attempted to alight therefrom, and that this negligent act on his part was the sole cause of the injuries for which he sued.

The evidence on each trial is practically the same. According to plaintiff's evidence, he, on the payment of his fare, requested the conductor on the car to stop the car at 22nd Street. As the car approached 22nd Street, plaintiff started towards the door of the car to get off. The car did not stop there. Plaintiff, while still standing, asked the conductor to stop the car at 21st Street. The car stopped there. Mr. Nichols, who was with plaintiff, first got off the car in safety. While the car was still standing, plaintiff attempted to get off. While on the steps and in the act of getting off, the car suddenly started without giving him a reasonable opportunity to alight. Plaintiff was thrown from the car steps to the pavement and injured. Some three or four witnesses testified to these facts. On the other hand, several witnesses testified that plaintiff got off the car while it was in motion and before it was or could be stopped at 21st Street.

On the first trial the court, by instruction No. 1, told the jury in substance that it was the duty of the defendant, its agents and servants in charge of the car on which plaintiff was riding as a passenger, to exercise the utmost care for plaintiff's safety, and that if they believed from the evidence that they failed to observe such care and by reason thereof plaintiff was injured, the law was for plaintiff and the jury should so find, unless they believed from the evidence that plaintiff was guilty of contributory negligence as defined in instruction No. 3. On the second trial the court, in lieu of instruction No. 1, told the jury that if they believed from the evidence that the car was stopped at 21st Street for the purpose of allowing passengers to alight therefrom, and while it was stopped, plaintiff, while exercising ordinary care for his own safety, attempted to alight therefrom, and the car was started in motion before plaintiff had a reasonable opportunity to leave the car, and he was thereby injured, they should find for the plaintiff. The first part of Instruction No. 2 given on the second trial is the usual instruction on contributory negligence. In addition to this instruction, the court further told the jury that if they believed from the evidence that plaintiff, on the occasion in question, attempted to alight from the defendant's car before it arrived at or reached 21st Street, and while said car was in motion, they should find for the defendant.

The trial court being of the opinion that the weight of the evidence was in favor of the defendant, and that the instructions given on the first trial did not properly present to the jury the issues to be tried, granted a new trial.

It is insisted that the court erred in granting a new trial. It is evident that instruction No. 1 given on the first trial is so general and abstract in form as to make the jury the judges of both the law and the facts. An instruction in that form has been frequently condemned by this court. I. C. R. R. Co. v. Dallas' Admx., 150 Ky., 442; L. & N. R. R. Co. v. King, 131 Ky., 351; Smith v. Cornett, 38 S. W., 689, 18 Ky. L. Rep., 818; C., N. O. & T. P. Ry. Co. v. Hill's Admr., 89 S. W., 523, 28 Ky. L. Rep., 530; L. & N. R. R. Co. v. Crutcher, 135 Ky., 381; Western Ky. Coal Co. v. Davis, 138 Ky., 669; Citizens Trust & Guaranty Co. v. Ohio Valley Tie Co., 138 Ky., 421; Johnson, et al. v. Westerfield's Admr., 143 Ky., 10. The error indicated was alone sufficient to justify the

granting of a new trial. Furthermore it is the well settled rule of this court not to reverse a judgment setting aside a verdict and awarding a new trial unless it appears that there is an abuse of discretion on the part of the trial court. Chenoa-Hignite Coal Co. v. Philpot's Admr., 152 Ky., 385; Floyd v. Paducah Ry. Co., 23 Ky. L. Rep., 1077; Miller v. Ashcraft, 98 Ky., 314; Brown v. L. & N. R. R. Co., 144 Ky., 546; Wilhelm v. Louisville Ry Co., 147 Ky., 196. After a careful consideration of the record, we conclude that there was no abuse of discretion in this case.

But it is insisted that the court erred in its instructions on the second trial. The issue in the case was sharply drawn. The question was: Was plaintiff injured by reason of defendant's failure to afford him a reasonable opportunity to alight from the car after the stop at 21st Street, or was he injured while attempting to alight from the car while the car was in motion, and before it reached 21st Street? If the former, he was entitled to recover; if the latter, defendant was not liable, because plaintiff's injuries were not the result of any negligence on its part. Central Kentucky Traction Co. v. Combs, 143 Ky., 529. The instructions given on the second trial properly presented these two issues. It would have been error not to present defendant's side of the case.

Finding no abuse of discretion on the part of the trial court in setting aside the first verdict, and perceiving no error on the second trial prejudicial to the substantial rights of plaintiff, the judgment is affirmed.