## Clark v. Owensboro City Railroad Company.

(Decided February 29, 1916.).

Appeal from Daviess Circuit Court.

1. Carriers—Street Railroads—Passenger Attempting to Alight From Car Before It Stops—It is not negligence per se for a passenger on a street car to make preparations to alight from the car before it comes to a standstill or to get off before the car actually stops; but this question can only arise in cases in which the carrier seeks to charge the passenger with contributory negligence in attempting to alight from the car before it actually stops and when the passenger claims that the carrier has been guilty of some negligence in connection with his act in attempting to alight.

2. Carriers—Street Railroads—Passenger Attempting to Alight From Car Before it Stops—Instructions.—Where the passenger claims that he was injured by the sudden starting of the car after it had stopped for the purpose of permitting him to alight, and there was no claim of any negligence on the part of the motorman before the car came to a stop, if the passenger, before the car stops, attempts to alight, he takes the risk of any injury that may happen; and in cases like this it is proper to instruct the jury without qualification that if the passenger attempted to alight from the car before it came to a stop, they should find for the defendant.

3. Trial—Instructions.—When the case is submitted to the jury under instructions presenting the plaintiff's theory of the case, he cannot complain because the court did not authorize a recovery in his behalf on some other theory.

LOUIS I. IGLEHEART for appellant.

E. B. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, as plaintiff below, brought this suit against the appellee, as defendant, to recover damages for personal injuries sustained, as alleged, by the negligence of the defendant in the operation of a car on which the plaintiff was a passenger.

The petition charged that the "motorman in charge of said car brought same to a stop near the corner of Venable Avenue and West Ninth Street for the purpose of allowing her to alight therefrom; that she thereupon started to leave said car; that while in the act of stepping from said car to the ground, the said motorman in charge of said car, by and through gross negligence, suddenly started said car forward, and plaintiff was thereby thrown violently to the street." That her injuries were caused by the negligence of the defendant in suddenly starting said street car before the plaintiff had sufficient time to alight therefrom, and in failing to give plaintiff sufficient time to leave said car before starting said car."

The answer was a traverse of the petition accompanied by a plea of contributory negligence set out in the usual form.

On the trial of the case the plaintiff testified: "I said, 'Let me off at Venable Avenue,' and he motioned for me to get off, and before I could make my step to get down the step he started the car, before I could get off, and he threw me out into the road. Q. When did you tell him to put you off at Venable Avenue? A. At the end of the car line. Q. Did he hear you? A. Yes, sir; and when he got there he stopped the car. Q. Was it an open car? A. A closed car; and he motioned for me to come and get off when he stopped the car. Q. What did you do? A. When he motioned for me to get off, and when I went to make my step he started and it threw me against the street. Q. Did he give you enough time to get off? A. No, sir; he did not. If he would have given me enough time I would not have got hurt."

The motorman testified as follows: "When I got back to McGill's Avenue two squares, Ben Fielden got on the car, and when I stopped the car Mrs. Clark walked on the front platform and I caught her by the arm and I said, 'You don't want to get off here; you want to get off at the next square,' and she said, 'All

right,' and stepped back inside the car and was getting change and holding to the door facing of the car and I went up the street and ran about half-way between McGill and Frayser and threw my current off and was looking back and I passed over Venable Avenue and Mr. Brady's house is nearly on the corner of Venable Avenue, and I went about half-way between Venable Avenue and Brady's house, and there was not an electric light burning near that place, and when I brought my current to a stop I goes up slow with the current off, and when I stopped my car and turned around she was laying opposite my door. * * * And I said, 'This old lady stepped off the car and hurt herself.' I said, 'What is the matter?' And she said, 'It is my fault; I should have waited until the car stopped.' ''

Ben Fielden, a passenger on the car, said: ''At Mc-Gill Avenue she started to get off and the motorman told her that it was not the place, and she stepped back inside the car; and I got on the car and stepped inside the door and got out my change and put it in the box and by the time I did that I was at the next crossing, and as soon as the motorman shut off the current to stop it, this lady walked out and stepped off while the car was running. By the time she hit the ground the car stopped and her feet were right where you get off the car.''

With the evidence in this condition the court instructed the jury, in substance, that if they believed from the evidence that the car on which the plaintiff was riding stopped at Venable Avenue for the purpose of allowing the plaintiff to get off, it was the duty of the employes in charge of the car not to start it until she had a reasonable opportunity to alight therefrom with safety, and that if the car was suddenly started before she had such opportunity, and by reason thereof she was thrown into the street, they should find for the plaintiff. They were further told that ''If they believed from the evidence that the plaintiff, Nannie E. Clark, attempted to alight from the street car on which she was a passenger before it came to a stop and while said car was in motion, then the jury should find for the defendant.''

The jury returned a verdict for the defendant, and from the judgment on this verdict the plaintiff appeals.

The only ground relied on for reversal is that the court erred in giving the instruction that if the plaintiff attempted to get off while the car was in motion, they should find for the defendant. The objection urged to this instruction is that it should have been left to the jury to say whether the plaintiff was guilty of negligence in attempting to alight from the car before it stopped.

It has been written in a number of cases that it is not negligence *per se* for a passenger on a street car to make preparations to alight from the car before it comes to a standstill or to get off before the car actually stops. Sandlin v. Lexington Ry. Co., 110 S. W., 374; L. & N. R. R. v. Eakin's Admr., 103 Ky., 465; Ford v. Paducah St. Ry., 29 Ky. L. R., 752.

But this question can only arise in cases in which the carrier seeks to charge the passenger with contributory negligence in attempting to alight from the car before it actually stops, and when the passenger claims that the carrier has been guilty of some negligence in connection with his act in attempting to alight, as for example when the carrier suddenly increases the speed of the car at a time when it has notice that a passenger is about to get off. It has no application to a case presenting facts like the one we have.

There is no claim that the defendant was guilty of negligence of any character before the car came to a stop; and if the plaintiff, before the car did stop, attempted to alight from it, she took the risk of any injury that might happen to herself, simply because the defendant was not guilty of any act of negligence in connection with the movement of the car or respecting the plaintiff before the car came to a stop. The plaintiff in her petition charged and in her evidence said that the negligence of the company consisted in starting the car after it had stopped for her to get off and before she had a reasonable opportunity to do so. She did not claim, either in her petition or evidence, that she was attempting to alight from the car while it was running at a slow rate of speed or at such a rate of speed as that a person of ordinary prudence might attempt to get off in safety. Nor is there any complaint that her case was not properly submitted to the jury upon the theory advanced in her petition and evidence as to how the accident happened.

The evidence of the company was that without notice or warning to the person in charge of the car, the plaintiff, in attempting to get off before the car came to a stop, fell and injured herself, without any negligence on the part of the person in charge of the car; and this theory was submitted in the instruction, of which the plaintiff complains.. But there is no merit in this complaint. Central Kentucky Traction Co. v. Combs, 143 Ky., 529; Louisville Ry. Co. v. Ruxer, 161 Ky., 312; Pack v. Camden Interstate Ry. Co., 154 Ky., 535.

In the Combs case the trial court gave an instruction such as the plaintiff argues should have been given in this case, and we held that although the instruction was not authorized under the pleadings and evidence the traction company could not complain of it because it had asked a similar instruction.

When the case for the plaintiff is submitted to the jury under instructions presenting correctly his theory of the case, he cannot complain because the court did not authorize a recovery in his behalf on some other theory. The plaintiff must win or lose on the case he makes out for himself.

The judgment is affirmed.