## William Horn, Appellee, v. Gustav Berg et al. Gustav Berg, Appellant.
### Gen. No. 23,249.

1.  AUTOMOBILES AND GARAGES, § 3*—*when evidence supports verdict for plaintiff in action for injuries due to automobile.* In an action to recover for personal injuries received by plaintiff by being struck by defendant's automobile as he was alighting from a street car, evidence *held* sufficient to support a verdict for plaintiff.

2.  AUTOMOBILES AND GARAGES, § 3*—*when instruction on liability of operator passing street car stationary for purpose of discharging passengers is erroneous.* In an action to recover for personal injuries received through plaintiff being struck by defendant's automobile as he was alighting from a street car, where it appeared that the point at which the street car stopped was not a usual stopping place, but one at which it was prohibited by city ordinance from stopping, and that when the car stopped, defendant's automobile, which had been running beside the car, was then passing it, it is error to instruct that if the jury believe that defendant violated, in the manner charged, the ordinance prohibiting persons operating vehicles to permit the vehicle to pass or approach within 10 feet of a street car which has stopped to take on or discharge passengers as long as the car is stopped for that purpose, and that he was negligent in so doing, and that such violation was the proximate cause of the accident and plaintiff

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was in the exercise of ordinary care, etc., they should find defendant guilty.

3. AUTOMOBILES AND GARAGES, § 3*—*when instruction on proper speed of automobiles is improper as not in conformity with declaration.* In an action to recover for personal injuries received through being struck by an automobile, where the declaration does not allege that the car was being operated at any particular rate of speed or that it was being propelled at an unreasonable or improper rate, but merely contains a general allegation of negligence on defendant's part in failing to look ahead and keep his car under control, it is improper to give an instruction based on the Motor Vehicle Act, Rev. St. ch. 121 (J. & A. ¶ 10001 *et seq.*), relating to the speed at which motor vehicles may be operated on public highways.

4. APPEAL AND ERROR, § 1084*—*when assignment of cross errors by plaintiff against defendant found not guilty is erroneous.* Where, in an action against a street railway company and the owner of a motor vehicle to recover for personal injuries received through being struck by one of defendant's motor vehicles in alighting from the other defendant's car, there is a judgment finding the street railway company not guilty and the motor vehicle owner guilty, from which judgment the motor vehicle owner appeals, the plaintiff cannot, upon such appeal, assign cross errors upon the judgment finding the street railway company not guilty.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed April 16, 1918.

WALTHER & LANAGHEN and WALTER S. HULL, for appellant.

CHARLES C. SPENCER and JESSE WILCOX, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

Appellee recovered a judgment for $1,500 and costs against appellant, for injuries sustained as a result of being struck by appellant's automobile. This action was brought against both the appellant and the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Chicago Railways Company, but at the close of plaintiff's case the court directed a verdict for the latter, and entered judgment upon the verdict so returned. The cause then proceeded against the appellant alone, resulting in a verdict for the appellee, upon which the judgment herein complained of was entered.

The injury occurred in the vicinity of North avenue and Orchard street in the City of Chicago. North avenue runs east and west, and is partially occupied by the tracks of the Chicago Railways Company, the north track of which was used by westbound cars and the south track by eastbound cars. Between the north track and the north curb was a paved driveway about 11 feet wide. Orchard street runs north and south, and at its intersection with North avenue there is a jog of about 27 feet.

On the night of August 29, 1913, appellee was a passenger, riding on the front platform of a westbound North avenue car. As the car approached Orchard street appellee informed the motorman that he wished to get off at said street. The motorman then slackened the speed of his rapidly moving car, but it did not come to a stop until it had gone some distance beyond the intersection with Orchard street. Appellee alighted therefrom at a point about 60 feet west of Orchard street and was struck by appellant's automobile, causing the injuries complained of. There is a conflict in the evidence as to whether at this time the car had come to a stop or was still moving. Appellee testified that it had stopped, while several witnesses on behalf of the defendant testified that it was still in motion when appellee alighted. The speed of appellant's automobile at and just prior to the time of the collision was testified to variously as being from 9 to 14 miles per hour.

The negligence charged against the Chicago Railways Company was alleged in the declaration to consist in the failure of its servants in charge of the said

car to observe a custom to stop, when signaled, with the front end of the car near and not beyond the nearest crossing of an intersecting street in the direction the car was going. The declaration also set forth and predicated negligence upon the violation of a city ordinance in effect at the time of the collision providing that:

"It shall be unlawful for any motorman, driver, conductor or other person having charge or custody of street cars in operation upon any street railway in the City of Chicago, in stopping a street car at an intersecting street for the purpose of receiving or discharging passengers, to stop or cause such car to be stopped at any other than the nearest crossing in the direction such car is going."

The declaration averred that appellant (Berg) was guilty of negligence in violating a city ordinance in effect at the time of the occurrence, which provided that:

"It shall be unlawful for any person driving or having charge, possession or custody of any vehicle being driven or propelled or operated upon the streets of the City of Chicago, upon overtaking any street car which is stopped for the purpose of discharging or taking on a passenger or passengers, to permit or cause said vehicle to pass or approach within ten (10) feet of said car as long as the said car is so stopped or remains standing for the purpose of discharging or taking on a passenger or passengers."

In an additional count it was charged that it was the duty of appellant, in driving his automobile, to look ahead and to keep said automobile under control so as to be able to stop the same in time to avoid injuring any passenger alighting from said street car; that after said car had passed the intersection of Orchard street, appellant improperly, carelessly and negligently failed to so look ahead and to keep said automobile under control, as a result of which the appellee was injured.

It is urged by appellant that the verdict is clearly and manifestly against the weight of the evidence. From a careful examination of the record, we are of the opinion that the verdict should not be disturbed for that reason.

Complaint is also made that the jury were improperly instructed. Instruction "E" was as follows:

"If you believe from the evidence that the defendant, Berg, violated the ordinance received in evidence, regulating the passing of street cars by other vehicles, in the manner charged in the declaration, and that he was negligent in so doing, and that such violation of said ordinance proximately caused, or contributed to cause the injury to plaintiff, then you are instructed that you should find the defendant Berg guilty, provided you further believe from the evidence that the plaintiff himself was in the exercise of ordinary care for his own safety at and before the time of the injury."

It is clear from the evidence that appellee alighted from the street car not at its usual stopping place, but at a point prohibited by city ordinance, and that, when he did so, appellant's automobile, which had been running alongside the car, was then in the act of passing it. Under the circumstances as shown by the record in this case, the ordinance requiring vehicles to stop 10 feet back of a street car which has stopped to discharge or take on passengers had no application. Therefore, in our opinion, this instruction was erroneous, and the giving of it on behalf of appellee constituted reversible error.

It is further contended that the court erred in giving an instruction based upon the Illinois Motor Vehicle Act, ch. 121, Rev. St. of Illinois (J. & A. ¶ 10001 et seq.), relating to the speed at which motor vehicles may be operated on public highways. Appellant's objection is predicated upon the fact that the declaration contained no allegation that his automobile was being operated at any particular rate of speed or that

Horn v. Berg, 210 Ill. App. 238.

it was being propelled at an unreasonable or improper rate of speed.

We think there is much force in this contention. The general allegation of negligence on the part of appellant in failing to look ahead and keep his automobile under control is not broad enough to include a violation of the statute regulating the speed of motor vehicles on public highways. The mere fact that a vehicle is not under control does not necessarily imply that it is being operated at a speed in violation of this statute. The instruction complained of was therefore improper.

Appellee seeks by way of cross error to assail the action of the court in directing a verdict for the Chicago Railways Company at the close of appellee's evidence, upon which judgment was entered. It appears from the record that appellee prayed but did not perfect an appeal from this judgment.

The judgment finding the Chicago Railways Company not guilty and the one finding appellant guilty were wholly independent of each other, although they were included in the same entry upon the record. The former judgment is not before us on this appeal. *Wells v. Miller*, 45 Ill. 382. This appeal brings up only the judgment against appellant, Berg, and the appellee cannot assign cross errors upon the judgment finding the Chicago Railways Company not guilty. *Walker v. Montgomery*, 236 Ill. 244.

For the reasons hereinabove assigned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*