# Frank M. Becker, Administrator, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

## Gen. No. 25,287.

1. STREET RAILROADS, § 133*—*when questions of negligence and contributory negligence in action for death of driver of motorcycle are for jury.* In an action for the death of a driver of a motorcycle, where the plaintiff alleged that a street railway company, by its motorman, permitted a passenger to alight while the car was in motion so that the passenger came in contact with plaintiff's decedent, and he was thrown from the motorcycle, sustaining fatal injuries, and where the evidence conflicted as to the accident and the place where the street car stopped, the questions of negligence of the defendant and contributory negligence of the plaintiff's intestate were questions of fact for the decision of the jury.

2. STREET RAILROADS, § 131*—*when verdict for defendant in action for death of driver of motorcycle is supported by evidence.* In an action for the death of the driver of a motorcycle who was thrown from his machine by coming in contact with a passenger alighting from a street car, where two witnesses for the plaintiff testified that the street car stopped at the "far" side of the street, and five witnesses for the defendant testified that the car stopped at the "near" side of such street, there being some evidence of contradictory statements by the plaintiff's witnesses before the coroner, the evidence did not preponderate in favor of the plaintiff, and in fact the jury would not have been justified in finding in favor of the plaintiff, the verdict in favor of the defendant being abundantly supported by the evidence.

3. STREET RAILROADS, § 109*—*when declaration in action for death of driver of motorcycle does not state cause of action.* A declaration, in an action for the death of a driver of a motorcycle who was thrown from his machine by colliding with a passenger alighting from a street car, which alleges negligence in permitting the passenger to alight from the car while in motion, fails to state a cause of action, as it is a common practice for passengers to step down and stand on the car steps preparatory to alighting when the car actually stops, and the permitting of such act, or the unlatching of the car door to permit such act, cannot be considered negligence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4.  STREET RAILROADS, § 144*—*when instruction in action for death of driver of motorcycle does not constitute reversible error.*  In an action for the death of a driver of a motorcycle who collided with a passenger who was alighting from a street car, the giving of an instruction that the plaintiff could not recover if the decedent drove his motorcycle past the street car while it was discharging passengers, in violation of a city ordinance, and that such conduct caused or contributed to the accident, was not reversible error, as the evidence showed violation of the ordinances contributing to the accident.

5.  NEGLIGENCE, § 8*—*when holding that violation of speed ordinances does not necessarily constitute negligence per se has no application.*  Authorities holding that the violation of ordinances regulating the manner and speed at which a vehicle may be operated in a public street does not necessarily constitute negligence *per se*, have no application where the violation of the ordinances necessarily contributed to cause the accident.

Error to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.  Heard in this court at the October term, 1919.  Affirmed.  Opinion filed January 12, 1920.  Rehearing denied January 26, 1920.

COBURN & BENTLEY, for plaintiff in error.

FRANK L. KRIETE and WILLIAM H. SYMMES, for defendant in error; J. R. GUILLIAMS and JOSEPH D. RYAN, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

A judgment was entered in the Circuit Court of Cook county in favor of defendant in an action brought against it by plaintiff to recover damages arising out of circumstances attending the death of plaintiff's intestate.  The plaintiff seeks by this writ of error to reverse the judgment.

The plaintiff alleged in his declaration that decedent, Andrew J. Becker, was, with all due care for his own safety, riding a motorcycle in a northerly direction on Crawford avenue in Chicago near its intersection with Wellington street; that defendant, by its motorman,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

negligently permitted a passenger to alight from a street car operated by defendant while the car was in motion, "so that the passenger came in contact with plaintiff's decedent, and so that plaintiff's decedent was violently thrown from his motorcycle, receiving fatal injuries."

The jury had sufficient evidence before it, introduced on behalf of defendant, to warrant the conclusion that the street car in question at the time of the accident had stopped at the near or south side of Wellington street, the usual stopping place, and that the motorcycle at the time was being driven at a high rate of speed by plaintiff's intestate. Two of plaintiff's witnesses testified that the car stopped at the "far side" of Wellington street. One of these witnesses was Hicks, the passenger who alighted from the front end of the car. The testimony of these two witnesses was directly contradicted by that of five witnesses for defendant, who testified that the car stopped at the "near" or south crosswalk of Wellington street, and also there is some evidence in the record which tends to support the contention that the two witnesses had made statements before the coroner in some degree contradictory of their testimony on the trial.

When all the evidence introduced on the trial is examined it becomes obvious that this court cannot hold that the evidence preponderates in favor of the plaintiff. Whether the defendant was guilty of negligence or whether the plaintiff's intestate was guilty of contributory negligence at the time of the accident, were questions of fact for the decision of the jury, and it is our opinion that the jury had before it abundance of evidence in support of its verdict in favor of the defendant. The jury under the evidence in the record would not in any event have been justified in finding the issues in favor of the plaintiff. *Casey v. Chicago City Ry. Co.*, 237 Ill. 140.

It is said that the declaration does not state a cause

of action. In *Busack v. Chicago City Ry. Co.,* 283 Ill. 117, the Supreme Court said:

"It is a common practice for passengers to step down and stand on the step before a car stops, preparatory to alighting when it stops, and as it has never been regarded as negligence in a passenger to do that, it cannot be considered negligence to permit him to do it."

The charge in the declaration is that the defendant carelessly invited and permitted a passenger to alight from the car by opening the front door of the car while it was in motion. The Supreme Court in deciding the *Busack* case, *supra,* said:

"No negligence was alleged or proved except the unlatching of the door before the car came to a full stop, and unless that act was negligence there could be no recovery."

Under the holding in the *Busack* case it must be held that the declaration filed in the cause did not state a cause of action.

Counsel for plaintiff contend that the trial court erred in giving certain instructions to the jury. Whatever may be said as to the conduct of the trial judge in this particular, it must be held in view of the facts of the case as shown by the evidence introduced on the trial that the jury could not in any appreciable degree have been misled by the instructions, even if the giving of the instructions might in other circumstances constitute reversible error. One of the two instructions complained of was to the effect that if the jury found from the evidence that deceased drove the motorcycle past the street car while it was at a standstill and was discharging passengers therefrom, contrary to the provisions of certain ordinances of the City of Chicago, and that such conduct of deceased caused or contributed to bring about the accident, the plaintiff could not recover. One of the ordinances provides that:

"It shall be unlawful for any person operating any motor vehicle or motorcycle upon the streets of the

City of Chicago, upon overtaking any street car which has stopped for the purpose of discharging or taking on a passenger or passengers, to permit or cause said motor vehicle or motorcycle to pass or approach within ten feet of said car as long as the said car is so stopped or remains standing for the purpose of discharging or taking on a passenger or passengers.''

Another ordinance required that:

"All vehicles shall keep as close to the right-hand curb as safety and prudence shall permit, except when overtaking and passing another vehicle, and except when running within the car tracks, as provided in section 2487 hereof. An overtaken vehicle must at all times be passed on its left side.''

The case of *Horn v. Berg*, 210 Ill. App. 238, is relied upon by plaintiff. It was held therein that under the circumstances of the case an ordinance requiring vehicles to stop 10 feet back of a standing street car which had stopped to discharge passengers had no application, for the reason, as stated by the court:

"It is clear from the evidence that appellee alighted from the street car not at its usual stopping place, but at a point prohibited by city ordinance, and that, when he did so, appellant's automobile, which had been running alongside the car, was then in the act of passing it. Under the circumstances as shown by the record in this case, the ordinance requiring vehicles to stop 10 feet back of the street car which had stopped to discharge or take on passengers had no application. Therefore, in our opinion, * * * the giving of the instruction on behalf of appellee constituted reversible error.''

The case of *Brink's Chicago City Exp. Co. v. Kinnare*, 168 Ill. 643, does not support the contention of plaintiff. In that case the court, with respect to an instruction concerning an ordinance regulating the speed at which vehicles might be driven in public highways, said:

"The question of fact, under this instruction, was left to the jury whether defendant violated the ordinance, and if it did, whether that violation contributed to or caused the injury to deceased.''

The People v. Czaszewicz, 216 Ill. App. 329.

It is urged that the violation of the ordinances, under the circumstances of the case, would constitute, at best, only prima facie evidence of deceased's contributory negligence. The evidence shows that deceased collided with a passenger as the latter was in the act of alighting from a street car or immediately thereafter; deceased at the moment was violating the ordinances in such manner that it became clear to the jury that his conduct in this particular was negligent, and that it contributed to bring about the accident. No reversible error, therefore, was committed in giving the instructions. *Crauf v. Chicago City Ry. Co.,* 235 Ill. 262. There are many authorities which hold that the violation of an ordinance regulating the manner and speed at which a vehicle may be operated in a public street does not necessarily constitute negligence *per se,* but those authorities have no application where it appears, as we believe it does in the present case, that the violation of the ordinance necessarily contributed to cause the accident.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*