## Ramey, et al. v. Interstate Cooperage Company.

(Decided April 28, 1922.)

### Appeal from Pike Circuit Court.

1. Brokers—Sales of Timber—Commissions.—In a suit for commission on the purchase of timber it is competent to prove subsequent transactions between the parties for which prompt settlements were made as tending to establish the defense that there was no agreement to pay any commission on the purchase in controversy.

2. Appeal and Error—Instructions—Prejudicial Error.—An instruction authorizing a verdict for the plaintiffs if the jury should believe that they were employed to purchase the timber in question was not prejudicial because it did not tell the jury that they should find for plaintiffs, if the defendant employed either of them to purchase the timber, since the evidence for plaintiffs showed that they formed a limited partnership for the purpose of purchasing the timber and that the employment of either of them, in view of that limited partnership, was necessarily an employment of both.

3.   Appeal and Error—Instructions.—A party cannot complain of an instruction which follows the language employed by an instruction offered by him and refused by the court.

ROSCOE VANOVER for appellants.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This suit was filed in the Pike circuit court by appellants, J. B. Ramey and G. B. Long, to recover from appellee, Interstate Cooperage Company, the sum of $1,526.00 for commissions alleged to be due appellants for buying a tract of timber. On the trial before a jury a verdict was returned for appellee upon which judgment was rendered.

On this appeal two errors are assigned. The first is the admission of alleged incompetent testimony, relating to the payment of commissions to appellants on other purchases. It is argued that this testimony was prejudicial, in that it confused the issue as to the claim for commission on the purchase in controversy. One defect in the contention is that practically all the testimony was admitted before objection was made to any of it, but, aside from that question, it was manifestly competent. Evidence of subsequent transactions between the parties, for which settlements were promptly made and during which no claim was made to any commission on the purchase in dispute, was clearly competent as tending to prove that appellee had not entered into any contract with appellants in regard to the timber in question. And the trial court instructed the jury that the testimony was admitted solely for that purpose. On this point there can be no possible reason for disturbing the verdict.

The other alleged error is that the instructions given required the jury to believe that appellee employed both appellants, whereas they were entitled to recover if either of them was employed.

This contention is also without merit. Appellants, according to their testimony, formed a limited partnership for the purpose of purchasing the timber for appellee. The instructions could not have misled the jury; for the employment of either of them, in view of their limited partnership, was necessarily an employment of both. But waiving that question there is another insuperable objection to the argument, and that is that the instruc-

tions in this particular follow the language employed in an instruction offered by appellants and refused by the court. They are not, therefore, in position to raise the question here. (Camden Interstate Ry. Co. v. Lester, 118 S. W. 268; Central Kentucky Traction Co. v. Combs, 143 Ky. 529.)

The judgment is affirmed.