## Twaddell's Administrator v. South Covington & Cincinnati Street Railway Company.

(Decided November 20, 1923.)

### Appeal from Campbell Circuit Court.

1. Carriers—Opening Door of Vestibule of Moving Car Not Invitation to Alight.—A passenger who goes to the front door as a street car approaches his stop and stands there waiting for the doors to be opened by the motorman, and the motorman does open them while the car is in motion, cannot say that the motorman invites him to alight, or that he has a right to assume that the motorman has exercised the highest decree of care for his protection, and that it is safe to attempt to alight.

2. Carriers—Passenger Stepping off Car Into Way of Automobile Contributorily Negligent.—Assuming that opening door of vestibule of street car is an invitation to alight, a passenger stepping through the open door in broad daylight, while the car was moving very slowly, with the result that he was struck by the rear fender of an automobile traveling in the same direction, was guilty of contributory negligence; the danger being obvious and apparent.

J. W. O'HARA and L. J. CRAWFORD for appellant.

MATT HEROLD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The appellee operates a street railway line on Sixth street in the city of Dayton, Ky., connecting that city with the city of Cincinnati. Appellee's intestate, Alex Twaddell, lived in Dayton and had for many years travelled this line daily, going to and from his work in Cincinnati. He was 59 years of age but with the aid of glasses had good vision and was in possession of all his faculties.

Sixth street is a narrow paved street running east and west and much used by motor vehicles. About 4:30

o'clock on the afternoon of August 3, 1921, he was a passenger on an east bound car, riding on the right side thereof. The car began to slow up as it reached Dayton street intersection and came to a stop on the far side.

He and another passenger arose from their seats and walked to the front vestibule preparatory to alighting, Twaddell being in front and facing the right side of the street. Shortly before the car stopped but while it was moving very slowly the motorman opened the outer door and he started to get off and while on the bottom step or stepping therefrom was struck by the rear fender of a Ford machine traveling in the same direction and thrown with considerable force upon the paved brick street, with his head upon the railway tracks. When stopped, the car wheels were within a few feet of his head but did not strike him; however, he received a fractured skull, from which he shortly after died.

Appellant, as administrator of Twaddell's estate, filed suit in the Campbell circuit court, and by answer the allegations of negligence were traversed and contributory negligence pleaded. At the conclusion of plaintiff's evidence the court gave to the jury a peremptory instruction to find for the defendant and the plaintiff has appealed.

It is urged that in the operation of a car enclosed by vestibules, if a passenger goes to the front door as the car approaches his stop and stands there waiting for the doors to be opened by the motorman, and the motorman does open them, he thus invites the passenger to alight; that as the latter cannot alight until the doors are opened, and as he has a right to assume that the motorman has exercised the highest degree of care for his protection, he may also assume that it is then safe to attempt to alight; the invitation is an assurance of safety and he may act upon it unless there is obvious danger in so doing. No direct authority is cited in support of this position; indeed all our opinions seem to hold the other way, it having been announced thus:

"The announcement of the station and the opening of the doors did not constitute an invitation to alight until after the train had stopped." Gayle's Admr. v T. & N. R. R. Co., 163 Ky. 459.

"The calling of a station by the brakeman and the opening of the door of the car was an invitation to the passengers to get ready to alight, but was an invitation

to alight only after the train had stopped." I. C. Ry. Co. v. Dallas, Admr., 150 Ky. 442.

To the same effect is the case of Glascock v. C. N. O. & T. P. Ry. Co., 140 Ky. 720.

These cases arose in actions by travellers upon steam railways, and it is suggested that they may be distinguished from street railway cases by the fact that in the former the trips are longer and the passengers are encumbered with more baggage, wraps and other articles which have to be gathered together and it is necessary to allow time for this purpose that they may leave the train without delay, and all of which is lacking in street car travel.

There is some force in this, and so far as the announcement is concerned the point seems to be well taken, but we can see no distinction between the two classes so far as opening the door is concerned. If that act constitutes an invitation to alight only when the car is stopped in the one case it would be equally as applicable in the other; indeed, if it is proper in order to avoid delay to open the vestibule door of a steam railway and it is to be considered as an invitation to alight only after the car has stopped, it would in this respect seem to be equally if not more appropriate in the operation of a city railway, as the stops are so much more frequent.

In a similar case, except that the motorman released the door by a lever and the passenger opened it himself, the Illinois court says:

"It is a common practice for passengers to step down and stand on the step before a car stops preparatory to alighting when it stops, and as it has never been regarded as negligence in a passenger to do that, it cannot be considered negligence to permit him to do it. . . . It would of course be unreasonable to say that opening a gate is not an invitation to a passenger to prepare to alight from a car and to stand on the platform or perhaps on the steps until the car comes to a stop, when he can alight with safety." Busack v. Chi. City Ry. Co., 283 Ill. 117.

The same principle has been applied in the operation of elevated railways. Hanon v. Boston Elevated Ry. Co., 182 Mass. 485.

In the case of the Blue Grass Traction Co. v. Skillman, 31 L. R. 480, the car was running down grade with the current shut off and moving so smoothly and noiselessly that plaintiff thought it had stopped. The con-

ductor opened the door and the plaintiff stepped off and was injured.

In Paducah Traction Co. v. Tolar, 162 Ky. 50, a woman attempted to alight under similar circumstances after the conductor had signalled the car to stop.

In both of these cases it was dark and it was a question of fact as to whether the plaintiffs were aware of the movement of the train, but it was shown clearly that the conductor did or could have known thereof; hence, those issues were properly submitted to the juries.

Here the facts are entirely different. In broad daylight, with the sun shining brightly, the intestate was facing the right side of the street. He was in the rear of the motorman, and any danger coming from the rear would become apparent to him earlier than it would to the motorman, and as his opportunity of judging the movement of the car was as good as was that of the motorman it is difficult to perceive what further duty the latter owed him. On this point we are cited to section 2739g-46, Ky. Statutes, which reads as follows:

"Whenever any car traveling upon rails embedded or placed in the center or approximate center of a public highway is stopped for the purpose of receiving or discharging passengers, every operator of a vehicle approaching the same from the rear and proceeding in the same direction shall bring said vehicles to a full stop and shall not start up or attempt to pass until the said car has finished receiving or discharging passengers, except that where the width of the highway permits the establishment of safety aisles of reasonable size and still leave sufficient space between same and the curb or edge of the highway for the passing of traffic, and where such safety aisles are established, overtaking vehicles shall pass between said aisle and the curb or edge of highway without observing the foregoing rule."

It is argued that as there was no space for a safety aisle at this place the motorman was charged with notice of machines passing from the rear and that it was his duty not to open the vestibule door until the car stopped. This is a part of the chapter regulating the movements of motor vehicles and primarily applies to them. If opening the vestibule door constituted an invitation to alight it might be considered as an indication that the car had stopped, but we have seen it is not considered such invitation until that event transpires, hence we do not think the statute applies in this particular, but if it is so con-

sidered a passenger would be charged with the same knowledge of the law as would be the motorman and of the fact that to step from a moving car would probably entail the hazard of being run down by an approaching machine, and to do so would constitute contributory negligence on his part.

We have referred to the fact that in view of the intestate's position in the car and his opportunities for observation that we do not think the motorman failed to discharge any duty toward him; but if it should be held that the door should not have been opened before the car stopped, certainly the intestate was able to see the movement of the car and to judge thereof; not only that, but as suggested above he was presumed to know the law and charged with notice of the possibility of a machine passing from the rear and was in a position to see it as it came up. He was then in a place of safety. The front of the automobile must have passed while he was facing it, and he either looked and saw the automobile or did not look and heedlessly stepped into the rear of it. The danger was not hidden or unknown to him but was obvious and apparent, and to step from the car under such circumstances constituted contributory negligence and authorized the court to give a peremptory instruction for the defendant. Lexington Ry. Co. v. Lowe, 143 Ky. 339; Pack v. Camden Interstate Ry. Co., 154 Ky. 535; Central Ky. Traction Co. v. Combs, 143 Ky. 529.

Perceiving no error the judgment is affirmed.