Albert Kahlfeldt, Appellant, v. Leonard A. Busby et al., Appellees.

Gen. No. 36,678.

Opinion filed November 21, 1933.

Royal W. Irwin, for appellant.

Weber, Miller, Deffenbaugh & Donovan, for appellees; Frank L. Kriete and Warner H. Robinson, of counsel.

Mr. Justice Scanlan delivered the opinion of the court.

Plaintiff sued defendants in case to recover damages for personal injuries sustained through the alleged negligence of defendants in an accident on July 3, 1930. The case was tried before the court and a jury and at the close of plaintiff's evidence the court, upon the motion of defendants, directed a verdict for them. Plaintiff has appealed from a judgment entered upon the verdict.

The accident occurred at the intersection of 63d street and Springfield avenue. Plaintiff lived on 63d place near Springfield avenue. He was employed in the baggage room of the Chicago and Western Indiana Railroad Company and his hours of employment were from 3 p. m. to 1 a. m. On his way home it was his habit to take a west-bound 63d street car to Springfield avenue. It was provided by an order of the Public Utilities Commission that in stopping a street car at any intersecting street for the purpose of receiving or discharging passengers it was the duty of the street car company to stop such car at the nearest crossing in the direction in which such car was going, and plaintiff testified that the west-bound cars usually stopped at the northeast corner. On the morning of the accident plaintiff was on a west-bound car on 63d street, and as it approached Springfield avenue he got up from his seat, went out on the front platform, and told the motorman that he wanted to get off at Springfield avenue. The motorman did not answer. When the car arrived at Springfield avenue it did not

stop at the northeast corner, and when it reached about the middle of that avenue, still going, the motorman opened the front door of the car. Plaintiff testified he then knew that the car had passed the east side of Springfield avenue without stopping and that it was going at the rate of about five miles an hour, "or so." He further testified that when the door was opened he looked out to the east and saw nothing coming, and that he then stepped off the car when it had reached a point close to the west side of Springfield avenue and was still going five miles an hour; that shortly after he stepped off the car he was struck by an automobile that was proceeding westward on the north side of 63d street; that as he got off the car he had hold of a grab iron with his left hand and that he was facing west as he got off and when he was struck. He lived at 3930 63d place, which is located a couple of blocks west of Springfield, and he testified that if he rode on the car "clear across the street until it stopped, if it was going to stop at all," "it would be better for him," "if nothing happened." He further testified that he did not know how many steps he took, after getting off the car, before he was struck by the automobile. After he was struck the street car was stopped within a few feet. As a result of the accident plaintiff sustained certain injuries.

Plaintiff states that the trial court directed a verdict for the defendants on the sole ground that the plaintiff was guilty of contributory negligence in stepping from the moving street car. We find nothing in the record to sustain this statement. Defendants contend that not only did plaintiff fail to prove that he was in the exercise of ordinary care for his own safety at the time of and just prior to the accident in question, but that he also failed to prove that defendants were guilty of negligence that proximately contributed to cause the injuries.

As to the alleged negligence of defendants, plaintiff states his position as follows: "The negligence of the defendants in this case is based upon the theory that the defendants failed to stop the car at the near side of Springfield avenue, as provided for by the order of the Public Utilities Commission, and that the defendants negligently invited the plaintiff to dismount from the street car at a point that was dangerous on account of the passing of motor vehicles."

It seems clear to us that the failure of the street car to stop on the east side of the street was not a proximate cause of the injury. As stated in *Cleveland R. Co. v. Sebesta,* 121 Ohio 26, 31, "the failure to open the exit door at the first stop was an omission of duty on the part of the conductor that entailed some little inconvenience and a trifle of delay upon the passenger, but that omission of duty inflicted no injury upon the passenger." In the instant case plaintiff was not injured by the failure of the street car to stop on the east side of the street. After the car had passed the stopping place on the east side of the street plaintiff was still a passenger upon it and in perfect safety. Had he remained on the car until it reached the next stopping place and then been injured by an automobile after he alighted, at that place, it surely could not be reasonably said that the failure to stop on the east side of Springfield was the proximate cause of the injury. As contended by defendants, "the failure to stop on the east side of the street was merely an incident in a chain of incidents which helped to create the conditions which made the injury possible," but it was not the proximate cause of the injury. As stated in *Illinois Central R. Co. v. Oswald,* 338 Ill. 270, 274: "One act may furnish the occasion for another act, and such second act may be the cause of an injury without the first act in any manner being a contributing cause of such injury. The second act may be

the result of some intervening cause in no manner flowing from the original act but which cause is given an opportunity to operate through the occasion furnished by such original act. The cause of an injury is that which actually produces it, while the occasion is that which provides an opportunity for the causal agencies to act." In the instant case the motorman could have opened the door or not, as he saw fit, regardless of the fact that the car did not stop on the east side of the street, and plaintiff was not caused to step off the moving car, when he did, merely because of the failure of the motorman to stop on the east side of the street. In fact, plaintiff testified that "it would be better for him" if he rode on the car "clear across the street until it stopped, if it was going to stop at all," "if nothing happened."

As to the contention of plaintiff "that the defendants negligently invited the plaintiff to dismount from the street car at a point that was dangerous on account of the passing of motor vehicles," in *Busack v. Chicago City Ry. Co.,* 283 Ill. 117, our Supreme Court laid down the rule that the mere opening of a door by a motorman did not constitute an invitation to a passenger upon a street car to alight from the car *while it was moving,* and that such action by a motorman, under said circumstances, would not raise a presumption of actionable negligence against the defendant. The court stated that opening a door under such circumstances would constitute an invitation to a passenger to prepare to alight from a car when it came to a stop. It is true that most of the cases cited in support of the rule announced were steam railroad or elevated railroad cases, but it appears that the court was of the opinion that the same rule would apply to street cars as applied to steam railroads and elevated railroads. However, one of the cases cited, *Paginini v. North Jersey St. Ry. Co.,* 69 N. J. 60, involved a

474

passenger upon a street car, and in *Twaddell's Adm'r v. South Covington & C. St. Ry. Co.*, 255 S. W. 1027, which involved a passenger upon a street railway, and in which the Court of Appeals of Kentucky cites with approval the *Busack* case, the point was made that a different rule should be followed in the case of street railways, but the court, in passing upon that point, said: "We can see no distinction between the two so far as opening the door is concerned. If that act constitutes an invitation to alight only when the car is stopped in the one case it would be equally as applicable in the other; indeed, if it is proper in order to avoid delay to open the vestibule door of a steam railway, and it is to be considered as an invitation to alight only after the car has stopped, it would in this respect seem to be equally if not more appropriate in the operation of a city railway, as the stops are much more frequent," and the court calls attention to the fact that the *Busack* case involved a passenger upon a street railway. In *Becker v. Chicago Railways Co.*, 216 Ill. App. 324, 327, the court states that "the charge in the declaration is that the defendant carelessly invited and permitted a passenger to alight from the car by opening the front door of the car while it was in motion," and held that under the holding in the *Busack* case the declaration failed to state a cause of action. We are constrained to hold that plaintiff's evidence failed to prove that the defendants were guilty of negligence that proximately contributed to cause the injuries, and it is, therefore, unnecessary for us to consider the question as to whether or not the plaintiff was in the exercise of ordinary care for his own safety at the time of and just prior to the accident.

Plaintiff has cited a number of cases to the effect that it is negligence for a street car company to *discharge* passengers at an improper or dangerous place. It is sufficient to say, in reference thereto, that the

evidence of plaintiff fails to show that the street car company was discharging a passenger (the plaintiff) at the time the latter stepped off the car.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

SULLIVAN, P. J., and GRIDLEY, J., concur.